IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL MCAFEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1500-P |
| | § | |
| SCHNEIDER NATIONAL CARRIERS, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES ON MOTION TO COMPEL[1]

### Background

Defendant Schneider National, Inc. filed a Motion to Compel Overdue Discovery. *See* Dkt. No. 29. Chief Judge Jorge A. Solis referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 30. Plaintiff Paul McAfee did not respond to the motion. Defendant filed a reply, *see* Dkt. No. 35, and the Court heard oral argument on September 1, 2015, but Plaintiff failed to appear, *see* Dkt. No. 36.

On September 1, 2015, the Court entered an order granting in part and denying n part Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29]. *See* Dkt. No. 7. In that order, the Court noted that Federal Rule of Civil Procedure 37(a)(5)(A)

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

provides that, if, as here, a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 4. The Court found that Defendant filed its motion to compel only after attempting in good faith to obtain the discovery without court action. *See id.* But the Court granted Plaintiff until September 18, 2015 to file a response to this order as to whether he should, as a sanction as required by Rule 37(a)(5), be required to pay the expenses, including attorneys' fees, that Defendant incurred in bringing its Motion to Compel Overdue Discovery [Dkt. No. 29]. *See id.* The Court ordered that, in the response, Plaintiff should fully explain whether his failure to previously serve documents and answers was "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust. *See id.* at 4-5.

As of September 22, 2015, Plaintiff failed to file a response as ordered. Accordingly, in a September 22, 2015 Order on Fed. R. Civ. P. 37 Award of Expenses [Dkt. No. 42], the Court found, "[a]bsent any response, and after considering Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29], ... that Defendant filed its motion to compel only after attempting in good faith to obtain the discovery without

2

court action; that Plaintiff's failure to serve responses was not substantially justified; and that no other circumstances presented make an award of expenses under Rule 37(a)(5) unjust." Dkt. No. 42 at 2. The Court therefore ordered that it "will, pursuant to Rule 37(a)(5), require Plaintiff Paul McAfee to pay Defendant Schneider National, Inc. its reasonable attorneys' fees and costs incurred in connection with moving to compel Plaintiff to respond to Defendant's Requests for Production and Interrogatories" and that "[t]his award of fees includes the attorneys' fees and costs incurred in preparing PDS Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29] and reply in support [Dkt. No. 35], participating in conferences or communications (or attempted communications) with Plaintiff Paul McAfee as to Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29], and participating in and preparing for the oral argument on Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29]" but "does not include any attorneys' fees or costs that Defendant incurred prior to the deadline for Plaintiff to serve objections and responses, including in connection with Defendant's counsel's preparing and propounding the discovery requests at issue." *Id.* at 2-3. The Court ordered that Defendant may file an application for its reasonable attorneys' fees and costs as described but that Plaintiff and Defendant's counsel are first directed to meet face-to-face and confer about the reasonable amount of these attorneys' fees and costs to be awarded under Rule 37(a)(5). *See id.* at 3.

Plaintiff and Defendant's counsel did so and then filed a Joint Status Report as required, which reported that no agreement was reached. *See* Dkt. No. 46; Dkt. No. 47 at 1. Defendant then filed its Application for Attorneys' Fees, *see* Dkt. No. 47, which

Chief Judge Solis has referred to the undersigned for determination, *see* Dkt. No. 50.

Plaintiff then filed a belated response, *see* Dkt. No. 48, and Defendant filed a reply, *see* Dkt. No. 49.

## Legal Standards

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 27; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of

establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *See id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in

exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But in a recent opinion, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

In *Perdue*, the Supreme Court was ultimately considering the appropriateness of an enhancement of an award of attorneys' fees, and Defendants here have not requested such an enhancement. Other factors also distinguish this case from *Perdue*, including the fact that *Perdue* involved a 42 U.S.C. § 1988 claim and the fees were therefore paid by state and local taxpayers. *See Perdue*, 559 U.S. at 558. Moreover, after the lodestar amount is determined, it may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see*

*Saizen*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black*, 732 F.3d at 503 n.8.

In light of the circumstances in this case – where there is no request for enhancement and no Section 1988 claim – the Court will not address whether *Perdue* changed the landscape of calculating attorneys' fees awards in the Fifth Circuit. Rather, it will take into account the necessary factors when determining the appropriate amount of attorneys' fees.

## Analysis

Plaintiff's response to the fee application suggests that he may not have been receiving copies of the Court's orders and that in his "opinion the fees are not reasonable and seems [sic] double of the same charges." Dkt. No. 48 at 1-2. As to the first contention, even if true, this does not change the Court's findings under Rule 37(a)(5)(A) that Defendant filed its motion to compel only after attempting in good faith to obtain the discovery without court action; that Plaintiff's failure to serve responses was not substantially justified; and that no other circumstances presented make an award of expenses under Rule 37(a)(5) unjust. Indeed, Defendant reports that "Plaintiff has still not complied with the Court's Orders, dated September 1 and 14, 2015, that Plaintiff respond to Schneider's written discovery." Dkt. No. 49 at 2. Accordingly, Defendant is, despite Plaintiff's unsupported request that payment of Defendant's reasonable attorneys' fees be denied, entitled to an order under Rule 37(a)(5)(A) requiring Plaintiff to pay Defendant its reasonable attorneys' fees and costs incurred in connection with moving to compel Plaintiff to respond to Defendant's Requests for

Production and Interrogatories. As to the second contention, Plaintiff offers no support or explanation for his assertion that Defendant's requested fee award is not reasonable or is somehow duplicative or double-counting, and, as Defendant notes, Plaintiff "does not identify any fees requested in Schneider's Application for Attorneys' Fees that were duplicative, unreasonable, or unnecessary to Schneider's successful Motion to Compel." *Id.*

As for the amount of fees requested, Defendant report that it "seeks its fees as determined by the lodestar method"; that it "is not aware of any exceptional circumstances and thus does not seek a modification of the lodestar amount by way of the *Johnson* factors"; that it "does not request reimbursement of all of the time counsel actually spent on the Motion to Compel" but, rather, "has voluntarily removed from its fee application time entries that relate to internal conferences and discussions and that relate to preparation for the oral argument at which Plaintiff failed to appear"; and that, "[t]hus, the fees [Defendant] requests in this application are less than those actually expended on the Motion to Compel." Dkt. No. 47 at 2. Defendant explains that "[t]he amount of time spent by each attorney in preparing Defendant's Motion to Compel Overdue Discovery, its Reply Memorandum in Support of Motion to Compel Overdue Discovery, participating in conference or communications with Plaintiff concerning Defendants' Motion to Compel Overdue Discovery, and preparing for the oral argument on Defendant's Motion to Compel Overdue Discovery is detailed in the attached Declaration of Peter Milianti"; that "[t]he tasks described in the attached billing records, see Ex. B, are strictly limited to those necessary to complete the tasks

8

described above"; and that "the total amount in attorneys' fees sought by Defendant is $2,599.92." *Id.*

Defendant was represented in connection with its Motion to Compel Overdue Discovery [Dkt. No. 29] by attorneys Peter A. Milianti, David D. Leishman, and Jacob A. Lewis of the law firm of McGuireWoods LLP. *See* Dkt. No. 47-1 at 2 of 4. Mr. Milianti's declaration reports that he has been practicing since 1997 and focuses on labor and employment litigation, particularly discrimination lawsuits and whistleblower retaliation claims; that Mr. Leishman is an associate in the firm and has been in practice since 2007; and that Mr. Lewis is also associate in the firm and has been in practice since 2013. *See id.* Mr. Milianti testifies that the firm usually charges $475.00 per hour for his time, $395.00 per hour for Mr. Leishman's time, and $345 per hour for Mr. Lewis's time. *See id.* at 2-3 of 4. But, for this case, pursuant to an agreement with Defendant, the firm charges $437.00 per hour for Mr. Milianti's time, $363.40 per hour for Mr. Leishman's time, and $317.40 per hour for Mr. Lewis's time. *See id.* at 3 of 4.

Defendant seeks an award of attorneys' fees for 7.2 hours of attorney work in connection with Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29], which consists of .9 hours of work by Mr. Milianti at a $437.00 hourly billing rate, 4.5 hours of work by Mr. Leishman at a $363.40 hourly billing rate, and 1.8 hours of work by Mr. Lewis at a $317.40 hourly billing rate, for a total of $2,599.92 in legal services. *See id.* Mr. Milianti testifies that his firm's attorneys "have performed, among others, the following legal services for Defendant in connection with Defendant's Motion to Compel

Overdue Discovery: repeatedly contacted Plaintiff, via correspondence, email, and telephone, regarding Defendant's discovery requests; conducted legal research and analysis for, drafted, served, and filed Defendant's Motion to Compel Overdue Discovery; drafted, served, and filed Defendant's Reply Memorandum in Support of Motion to Compel Overdue Discovery; and attended the September 1, 2015 hearing on Defendant's Motion to Compel Overdue Discovery." *Id.* Mr. Milianti testifies that "[t]he billing records attached as Exhibit B to Defendant's Application for Attorneys' Fees accurately reflect the time spent and fees incurred in completing the[se] tasks" and that, in his opinion, the services rendered by his firm to Defendant "were reasonable and necessary in representing Defendant in this matter," considering the relevant, governing factors, and that, based on his experience with similar litigation and applying the relevant factors, "the sum of $2,599.92 is a reasonable amount for the services rendered." *Id.* at 3-4 of 4. The billing statements submitted generally reflect the work performed by each attorney with a narrative description of the work done and the number of hours that it took to complete the work. *See* Dkt. No. 47-2.

The Court finds that Defendant's submissions are adequate to prove up the time that Defendant's counsel spent in connection with the motion to compel. Defendant met its burden of establishing the number of hours – 7.2 – expended and subject to recovery under Rules 37(a)(5)(A) in connection with the motion to compel through the presentation of adequately recorded time records as evidence. *See Watkins*, 7 F.3d at 457. The Court accordingly uses this time as a benchmark and must then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.*

The hours remaining are those reasonably expended. *See id.*

The Court finds that the time that Mr. Milianti, Mr. Leishman, and Mr. Lewis spent in connection with the motion to compel was not excessive, duplicative, or inadequately documented. Under the circumstances of this particular discovery matter, the Court finds that spending 7.2 hours on the successful motion to compel to be reasonable and necessary and that Mr. Milianti's declaration reflects the appropriate exercise of billing judgment as required. The Court therefore finds that the claimed hours – 7.2 – are those reasonably expended in connection with Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29].

Turning to the matter of reasonable rates, the Court finds that Mr. Milianti's declaration is some evidence as to the reasonableness of his and Mr. Leishman's and Mr. Lewis's hourly rates. Defendant has the burden, as the movant, to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See Tollett*, 285 F.3d at 368. But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the

Court is an expert on the reasonableness of attorneys' fees).

The Court finds Mr. Milianti's $437.00 hourly rate to be within the proper range for the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. But another judge of this Court recently explained that "the normal and customary rate for a four-five year attorney in the Dallas legal market ... is $225-275 per hour." *Parks v. Commercial Recovery Sys., Inc.*, No. 3:12-cv-2742-L, 2014 WL 521501, at *1 (N.D. Tex. Feb. 7, 2014). And, almost two years ago, the Court awarded fees to a lawyer with comparable experience to that of Mr. Leishman at a rate of $295 per hour. *See Farasat v. RP Managing Partners*, No. 3:13-cv-270-L-BN, Dkt. No. 46 (N.D. Tex. Feb. 20, 2014). The Court believes that these represent the correct ranges for lawyer with Mr. Leishman's and Mr. Lewis's experience levels in the Dallas market and that $300.00 per hour is the appropriate rate at which to reimburse Mr. Leishman's time and $250.00 per hour is the appropriate rate at which to reimburse Mr. Lewis's time, as the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

The undersigned therefore calculates the lodestar as .9 hours of work by Mr. Milianti at a $437.00 hourly billing rate ($393.30), 4.5 hours of work by Mr. Leishman at a $300.00 hourly billing rate ($1,350.00), and 1.8 hours of work by Mr. Lewis at a $250.00 hourly billing rate ($450.00) and finds that this lodestar of $2,193.30 reflects the appropriate number of hours worked in connection with the motion to compel and the attorneys' reasonable hourly rates and that this lodestar amount is supported by

the evidence and is the amount of time reasonably expended in connection with Defendant's successful motion to compel. The Court further finds no reason, based on any of the *Johnson* factors, to modify the $2,193.30 lodestar amount, as to which there is a strong presumption of the reasonableness. *See Perdue*, 559 U.S. at 552; *Saizan*, 448 F.3d at 800; *Watkins,* 7 F.3d at 457.

Accordingly, the Court finds the lodestar amount of $2,193.30 to be the appropriate award to Defendant of reasonable expenses in the form of attorneys' fee under Rules 37(a)(5)(A).

## Conclusion

The Court ORDERS, pursuant to Federal Rules of Civil Procedure 37(a)(5)(A), Plaintiff Paul McAfee to pay Defendant Schneider National, Inc. the amount of $2,193.30 for payment of reasonable expenses in the form of including attorneys' fees incurred in connection with moving to compel Plaintiff to respond to Defendant's Requests for Production and Interrogatories through Defendant Schneider National, Inc.'s Motion to Compel Overdue Discovery [Dkt. No. 29]. Full payment must be made by **February 29, 2016**.

SO ORDERED.

DATE: December 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE